Metcalfe, J.
This action in partition was brought by the plaintiff below, Frank Raub, against the several defendants, to partition certain lands in the city of Niles.
The mother of both plaintiff and defendants died seized of the property in question. By the terms of hér will the land was to be divided equally among the children.
*111 The will provided, also, that so long as any of the children remained unmarried such unmarried child or children should have the right to occupy the property, and the duty of paying the taxes and assessments of all kinds was imposed upon the one or ones so occupying the property.
All the children had either died or married ■except Hannah and Lizzie Raub. Hannah is under mental disability, and Mary Appleby is her guardian. Hannah and Lizzie Raub had the right to occupy the premises, and the duty rested upon them jointly to keep up the taxes and assessments.
The taxes, however, were allowed to become delinquent, and the premises were sold at delinquent tax sale and bought in by Mrs. Appleby, while acting as such guardian for Hannah Raub. The tax deed is conceded to be in conformity to the law, and under ordinary circumstances would convey a good title.
The question here is whether or not Mrs. Appleby, being a tenant in common with the other parties in this case and guardian of one of the 'defendants upon whom rested the duty to pay such taxes, could, by allowing the taxes to become delinquent, acquire title to the premises at a delinquent tax sale.
We are firmly of the opinion that under the circumstances such a transaction is not authorized by law, and that a deed obtained under these circumstances does not, as against the other tenants in common, vest any title whatever in Mary Apple-by, beyond a lien upon the land to the amount of the taxes which she paid.
*112 In the case of Clark v. Lindsey, 47 Ohio St., 437, the widow of a decedent was entitled to dower in lands of her deceased husband, and the duty of paying the taxes rested upon her. She allowed the taxes to become delinquent and the property was sold and purchased by one of the devisees, or heirs, who was tenant in common with the other parties in the case. Judge Dickman, writing the opinion of the court, uses this language at page 441:
“The auditor’s deed, under the statute, vests in the grantee, his heirs and assigns, ‘a good and valid title, both in law and equity;’ but the question arises, whether by virtue of the tax sale and auditor’s deed, J. W. Clark was divested of all interest in the land, upon his failure to redeem his-separate interest from his cotenants, within two' years. In our view, the relations existing between tenants in common — whether in possession of the property or entitled to an estate in remainder — is-of a nature to preclude such a result. Just dealing and the confidence necessarily reposed in each other would suggest, that owners in common of real estate should consult for the mutual benefit. While one should do no act intentionally to the-detriment of the other, good faith should withhold him from all action, in reference to the common property, that would work exclusively to his own advantage.”
The opinion then quotes approvingly the following language from Tisdale v. Tisdale, 2 Sneed, 599:
“Tenants in common by descent, are placed in a confidential relation to each other, by operation. *113 of law, as to the joint property, and. the same duties are imposed as if a joint trust were created by contract between them, or the act of a third party. Being associated in interest as tenants in common by descent, an implied obligation exists to sustain the common interest. This reciprocal obligation will be vindicated and enforced in a court of equity, as a trust. These relations of trust and confidence bind all to put forth their best exertions, and to embrace every opportunity to protect and secure the common interest, and forbid the assumption of a hostile attitude by either.”
Our attention is called to the case of Jinkiaway et al. v. Ford et al., decided by the supreme court of Kansas, L. R. A., 1915E, 343, and it is urged that that case sustains Mrs. Appleby’s position. We do not think so. In that case the title to the property was acquired by a remainderman who was not in possession and was under no obligation to pay the taxes, but that is quite a different proposition from the one we have before us. Mrs. Appleby was a tenant in common, and also guardian of one of her cotenants; was under personal obligations to pay her share of the taxes; and under legal obligations to pay the taxes for her ward.
To allow her under such circumstances to acquire title to the common property would be to allow her by her own wrong to Obtain an advantage over her cotenants, which the law will not permit,

Judgment affirmed.

Pollock and Farr, JJ., concur.